The next case on the calendar, Red Wing v. Oregon State Prison, is submitted on the briefs. And then the next case after that, which is going to be argued, the appellant is Andrew Grimm and the appellees are City of Portland et al. So for the appellant, we have Mr. Keenan. I'll give counsel a moment to get papers settled. Good morning and may it please the Court. My name is Gregory Keenan and I'm appearing on behalf of Appellant Andrew Grimm. I'd like to reserve five minutes, if I may. The Mullane-Jones Standard determines whether a notice is constitutionally sufficient for a property deprivation. The first question, as I understand it, there are two discrete questions. One is, is any notice required? And the second is, is the form of notice constitutionally sufficient, if it is required? And so the, our case law seems to be that, applying Matthews, that notices are, which you don't object to for that purpose, right? For the purpose of deciding, is notice, some notice required? I would disagree with that, Your Honor. You would? Why? So there are two different standards for two different aspects of due process. Whether or not notice is required is determined by whether or not there's a property deprivation of a property interest sufficient enough. And a car deprivation has always been treated as seriously enough to require notice. In Dusenberry, the Supreme Court clarified that notice is governed by the standard of Mullane. All right, let me back up a minute. Are you arguing that we have case law that is inconsistent with later case law and that we need to overrule it? Is that what your argument is? In what case are you saying is it, is wrong because it didn't apply in Mullane? Is there such a case? Yes. Which case is that? The case of Schofield from 1988. In Schofield, this Court decided that pre-towing notice was not required by applying the Matthews standard. In certain circumstances. And then in a later case it said, but it is required in other circumstances. Right? Mike Clemens, wasn't that Clemens? Correct, Your Honor. Okay. So notices, whether or not notice is required, sorry, under the Matthews standard, if it were to apply here, which it should not be applied here, obviously the facts are very different from cases such as this. Okay. But we have case law applying Matthews to the, as I understand it, to the question of whether notice is required. I mean, it seems to me you're on stronger ground to argue that those cases remain good law, but the question, but they don't address the Duesenberry-Jones question of whether there is some additional responsibility if they know that the notice hasn't been noted, and then you don't have us reversing earlier cases. But you seem to want us to reverse something. What is it you want us to reverse? Sorry. I now understand Your Honor's framing of the case. Yes. Mullane deals with the adequacy of the method used to provide notice. All right. That's what I said in the beginning. I'm sorry. I might have misunderstood your framing. Okay. Yes, so the Mullane standard would determine what the adequacy of the method used to provide the notice would be. So there's nothing wrong with our earlier case law. You're just arguing that in this particular circumstance, given the particular alternative possibilities, Duesenberry and Jones would require something more than what was done. Is that it? Well, to the degree that Schofield did apply the Matthews test to determine the adequacy of the method used to give notice in those cases, I would say that there is a conflict, but I would be agnostic as to whether or not that would require overturning the use of Matthews to determine whether or not notice or due process is required at all. Counselor, if I could interject a question of what the issue of primary concern to me is this. I assume some notice is required, and if I assume that Mullane is the proper test and the notice has to be, what's done has to be reasonably calculated to give notice, then why is it not the case that putting a ticket on a window of a vehicle is, why is that not reasonably calculated to get notice to the owner of the vehicle who parked it there? Yes, Your Honor. When initially placed on the vehicle, that would be reasonably calculated. The problem is twofold. One is a factual matter. The postings of the tickets here don't make any mention of a tow, so they fail to have the content. But much more importantly is that after Jones, the Mullane-Jones standard requires that where the government understands that the person is not receiving the attempts at notice, no matter how reasonable initial attempts were. How do they know from the fact that the car is still parked there? How does that mean the government knows the person hasn't received notice? Well, so they have good reason based on the fact that the declarations of the parking officer himself is saying that the tickets are piling up unseen and undisturbed. Additionally, the parking officer is noting that Mr. Grimm is a Parking Kitty user. Every time he issues a ticket, he has to consult the Parking Kitty database, and he makes note in his own declaration that as recently as December 15th, Mr. Grimm had used the government's Parking Kitty app. So at the point that these tickets are clearly not reaching Mr. Grimm, under Jones, the government is required to try something else if there is another available option. So if Mr. Grimm were not a Parking Kitty user, this would not be a problem because there might not be another way to get in touch with him. But here, Mr. Grimm has provided his phone number and his e-mail address to the government's parking app. The government has also already sent him e-mails and in-app notifications directly to his smartphone using their own app. About what? Parking status, receipt of payment, things to that effect. So, but there's a dispute, as I understand it, about whether there was a warning placed on the car. But we do know that there was a tow notice on the car about an hour before the actual tow. Yes, Your Honor. So why wasn't that a notice? For the same reason that, for the Jones problem, that the method of posting is not okay when it's proving to be ineffectual. Well, there are a lot of reasons. People may not, you know, if he's getting a lot of parking tickets, that doesn't tell you really whether he, I mean, it's not like return-certified mail. We don't, all we know is he's not being responsive. That can be because he's choosing not to be, he's obviously not being responsive. He parked the car at a meter, and he knew he parked the car at a meter, and he hasn't done anything about taking the car away. Now, whether that's because he's a scofflaw, because he's in Timbuktu, we have no clue. Yes, Your Honor. But the Mullane-Jones standard does not apply only to reasonable people or non-lawbreakers. It applies in Chin-Yee 2, for example, to a pilot who is flying. No, but what I'm saying is how does he, how do they know it's ineffective? Well, one, the car has not been moved. Number two, the tickets are piling up. And so posting has also always been considered under the Mullane-Jones standard. I mean, the other problem with this case is that it's kind of a contrived case. I mean, it's clear that this is a contrived case. We know that, which certainly undermines it. I would disagree with that assessment based on, in the reply brief, that the government, because of its smart city initiative, is actively soliciting private partnerships. The government makes a big deal over the fact that they receive some e-mail, but they're explicitly asking private companies to reach out to them, particularly private companies who are doing tech-related civic apps, and they're partnering with other companies. So essentially, they put up a help wanted sign. A company did reach out to them, and now without any discovery below and with the application of the wrong standard, Mr. Griffin has not yet had his due process claims adjudicated. Does Mr. Griffin ever give an explanation for why he left his car there all that time? There's been no discovery, and it's not in the record. Okay. So he paid for parking, and he goes away for many days. I'm sorry. When he did park the car, he parked it legally, you know, and left it overnight legally. So it's not like he showed up and dropped the car off. And then he left it for several more days. Yes. That's undisputed. I understand. So what is your contention about what further notice was required, that they use this kiddie app? Well, it's the government's parking kiddie app. It's the government's own app. So, yes, because they have in their possession his contact information, which they've used to already be contacting him about his car, and because the parking agents, every time they issue a ticket, are checking the parking kiddie data and have noted that Mr. Grimm is a registered parking kiddie user, the government is aware that they have this contact information. They are aware that they're able to reach him through this means, and they just choose not to provide notice of the tow through this means, which when the postings are not proving to be effectual, they are obligated to try something else if there's anything else available. So had they used that parking kiddie app and given him notice, how much longer would they have had to wait? Actually, Your Honor, if they had provided notice earlier in the week with the parking kiddie app, they could tow immediately. Immediately when? In other words, how much notice, how does one decide? You send a kiddie, parking kiddie, and then what, 15 minutes later you tow the car, or what? Sure. The only requirement of the Millane-Jones standard is that you provide notice that the government announced its intention and actually try to inform the property owner that the deprivation But there has to be a function to the notice. I mean, either, i.e., there's something you can do to stop it from happening, so there has to be some built-in understanding that there's enough time that elapses that you could come move the car. Otherwise, it's all a useless exercise. Well, the useless exercise here is going, and it's clearly not okay under the Millane-Jones standard, is to keep relying on ineffectual postings mechanically. I know, but in the end, if we – First of all, I assume that if we agreed with you that essentially the wrong standard was applied to the subproblem we have here, we would need to remand because the district court – there haven't been any findings or any – but in the end, the district court would have to do what with regard to determining – would it have to determine what the right kind of notice is or just say this is the wrong kind of notice? Yes, the law is quite clear that the court is not to advise for the city what the proper type of notice is. So all you have to say is this notice isn't good enough. It's that they knew that it was not working, and they did not take advantage of options that were available to them. Counselor. Counselor. I'm sorry. I'm sorry. I just want – Go ahead. I just wanted to remind counsel that you at the start said you wanted to save five minutes for rebuttal, but you're down to 337 right now. But I think – I'd like to answer your question. In the interest of time, I'm fine. Oh. Thank you. Thank you. May it please the court, Denis Vanier, appearing for the city. It appears the court understands the issue, so I'm going to try to really just focus on a few points and hopefully not take up too much of your time. So factually, I want to highlight two things. First of all, there was no dispute of fact over the warning placard. So Officer Earle, who placed the – I thought there was a dispute of fact because there's no actual evidence that there was a warning. So that's – And that there's no physical evidence. There's physical evidence of everything else, every particular citation and of the towing document, but there is no physical evidence that there was actually ever any warning. So that's incorrect, Your Honor. And I would refer, Your Honor, to SER 29, which is the declaration of Officer Earle and Officer Earle. Well, he said he did it. Yes. But the – as I understand Plaintiff's argument, it's that if he did it, why isn't there – why doesn't he have a picture of that when he has a picture of everything else? And they also got from the towing company pictures of what was on the – actual saw what was on the card, and this wasn't one of them. Well, all I can say is the officer testified to this, and that was not contradicted. And so – Contradicted by inference, no? I don't believe so, Your Honor. But even then, I want to highlight that. I don't think it's really directly relevant. Well, it would be very relevant because if there was, in fact, a warning on the car, that would be a warning on the car. Now, he would say – I mean, that would be a warning. Otherwise, there was no warning. He would say that that was an inadequate warning because they already knew he wasn't looking at the car or should have known that. But it seems to me to put the whole factual case in a different light. I understand Your Honor's concern. But so the undisputed fact, so over the course of a week, Mr. Grim so admits that on the 15th he received electronic notification that his parking was expiring. And that's at ER 83. And then so two days – I'm sorry, four days after the car had been parked, by that point there were four tickets placed on the car. Officer Earle, as I noted, testified, and it was uncontradicted, that he had placed a warning. And I understand Your Honor's concern about that. And then two days after that warning placard, then the tow notice was posted. So those are the facts that I wanted to highlight to the court, that Mr. Grim admits that he received notice through the app that his parking was expiring. And then you have the following seven days of notices on the car. On the law, as Your Honor noted, the Moline really kicks in if notice is constitutionally required. As the court stated in Moline, it governs notice, quote, in any proceeding which is to be accorded finality. Is your position that no notice was required? That is our threshold position under – yes, Your Honor. The case law doesn't seem to support that, our case law. Clement seems to say that notice is required. So this Court's case law has stated that in the case of expired registration, no pre-towing notice is required. That's simply the act of the – Well, that was in a particular circumstance where the car had – That is correct, Your Honor. I know it's correct. That's why I'm saying it. I don't say things that are not correct. Go ahead. No. What I'm trying to say is that's why this Court has applied the Matthews v. Aldridge standard as the threshold question. All right. Okay. So that's why I'm asking you, on what basis do you say that no notice was required? So let me see. So on – there's Schofield, and this Court stated in Schofield, quote, due process does not require a pre-towing notice to be given to the owner of an unregistered vehicle which is found parked on a public street before the car may be towed. But this was – but in that instance, it was for a year, right? And this car was actually not unregistered. That's correct. The car in this case was not unregistered. It didn't have a registration certificate. That is correct, Your Honor. But it was registered, and it would have been very easy to find out that it was registered. Not necessarily. This was a car with California license plates. There's no evidence that a Portland parking officer can find out whether, in fact, a California resident has tags sitting at home. All the officer knows is the car is unregistered. But again, to go back, I guess, to the threshold question at this point is that – and it's in the field and stands for the proposition that no pre-towing notice is required for unregistered vehicles. But that's not what happened here anyway. Notice was, in fact, required – was, in fact, provided. An extensive notice was provided. And even if this – Right. So that leads to the second question, the Moline question, right? Yes, Your Honor. That's why I don't know why you're taking the first position. So now you have the second question. Oh, I understand. Well, I was trying to – to assist the Court just with the analysis. So the threshold question is Matthews v. Aldridge. Is notice required at all? What sort of process is required? The Moline standard, again, as the Court has said, really kicks in in any proceeding which is to be a courted finality. So I don't even believe – this is not a final proceeding. If the city were going to auction off the car, then Moline would govern. Well, it's final with regard to whether it is the use of the car in the interim. I mean, this is sort of a big – I mean, this case appears to be a good drive case. But there are – but whether people's cars can get towed is really a big deal. And I do – and I completely agree with Your Honor on that. And so what I will say is what Moline requires, and this is what the Court stated in Duesenberry, is Moline does not require actual notice. It requires notice reasonably calculated to apprise the interest holder of what's happening to their property. So apparently in Duesenberry and Jones, if you send a letter to somebody's known address and it comes back, then you're supposed to do something else. That is correct, Your Honor. Okay. But what Moline also – The tension here is that this is essentially equivalent. If you put a bunch of parking tickets on a car and the car is still there, that's a heavy inference that the person hasn't seen them. Well, as Your Honor points out, that is not necessarily the only proper inference. In fact, Moline itself stated that when you're dealing with tangible property, posting a notice on that tangible property – so a car, a home – is notice reasonably calculated to apprise the interest holder, and that if the notice is not checked, it is reasonable to assume that the property has been abandoned. Now, that's dicta from – What is the resistance to using this app that you're already using? You already sent him a notice saying you're overstage or parking. You could have sent him a second notice saying, and not only that, we're going to tow your car tomorrow morning if you don't get rid of it. Well, and I – that goes, I guess, to the issue of what the legal standard is, is there was no discovery as to the feasibility of using the app to provide notice. So what we do know from the limited record in this case – It wasn't discovery suspended, essentially. I'm sorry, Your Honor? It wasn't discovery suspended. Yes, that's correct, Your Honor. And then when you started saying things like that in your brief, they said, now we want discovery, but they didn't get it. That's correct, Your Honor. All right. And so to the – whether it would have been possible to use the app to give notice is something that would have to be decided on remand if this Court were to remand. Exactly. But again – The question is, why shouldn't we do that? Why isn't that a relevant question? The reason – Elaine, I mean, once you – So that is not – so, Your Honor, that's not really the malign standard. The malign standard is the government has to give, again, notice reasonably required to apprise the interest holder of what – of the intent to forfeit the property or whatever. And notice in this case was reasonably calculated to apprise the interest holder. Over the course of a week, six different citations were placed over seven days on the car. Electronic notice – I will tell you that I have had this happen to me. I've gone off on vacation, and I've come back, and my car was towed from the front of my house. I understand, Your Honor. What I can say is that is not what happened in this case. In this case, there was one week between the expiration of the parking and the eventual towing. And again, what this Court's case law stands for is that, first of all, when you have expired registration, no pre-towing notice is even required. So this Court would have to reverse those cases in order – That's what I want to know. So you think that we would have to reverse Schofield because Schofield – first of all, again, this car was registered. It's not an unregistered car. And moreover, it wasn't a year. And moreover, do we know that the parking – that the towing was because of the registration and not the parking tickets? Oh, I mean, it's undisputed that he was cited for the expired registration. Oh, for both. But what was the towing for? Well, for both, Your Honor. For both, right. One of which was not registration. But I guess to answer Your Honor's question is – What they actually have – – is to be intellectually honest, it would be – Excuse me. What they held in Schofield was we hold that due process does not require that a pre-towing notice be given to the owner of a vehicle which has been unregistered for more than a year, which you left out when you read it, from the date on which it is found parked on a public street before the car can be towed under this provision. And I understand. And so what I would say – No, you read it incorrectly, which is really disturbing. Your Honor, I really apologize. That was not my intent. And in fact, I do want to make another correction, where I note on page 22 of my brief, I incorrectly stated that this Court's decision in Yagman in 2017 was a towing case. And upon rereading that decision, it wasn't a towing case. It was a traffic case, but not a towing case. And so I do apologize to the Court for that. So – Actually, the statute that they were towed under in Schofield only provides for – relates to cars that are in – or public land for in excess of one year. So Schofield is not controlling here. I disagree, but I don't think it's really dispositive here. There are many other cases that stand for essentially the same proposition. I mean, Clement, again, this Court discusses the fact that – and I'm going to make sure I read the quotation correctly – quote, a tow may also be appropriate where there are no current registration stickers – so stickers – and the police can't be sure that the owner won't move or hide the vehicle. Now, granted, that is dicta, I do recognize. But it would be a – yes, this Court could always try to distinguish its precedent on the facts, but I believe if you look at Schofield, Clement, and Lone Star, they really do stand for that proposition. But really, the bottom line, again, is that Mallain does not require actual notice. It requires a reasonable – notice reasonably calculated to apprise the interest holder of, in this case – The car in Clement was unregistered, right? I'm sorry? The car in Clement was unregistered. I believe that's correct, Your Honor. Okay. But, again, the – Clement discusses it in terms of stickers. I mean, it's really all I can say is, again, the quotation is, a tow may be appropriate where there are no current registration stickers and the police can't be sure that the owner will not move or hide the vehicle. So, yes, this Court could remand this case by distinguishing it on the facts without overruling Schofield or Clement. Well, Clement seems to me to support the plaintiff, not you. Why does it support you? Tell me why. Well, because Clement definitely seems to suggest that no pre-towing notice is required in the case of a car that doesn't display current registration stickers, which is what we have in this case. That's what happened in Clement. And they said they could have found out things that they didn't bother to find out. Oh, I understand what you are saying. But that is a car – so the facts in Clement, that was a car that was actually parked on private property that has a special type of registration that allowed – if you are not driving your car, it allowed you to forego having to register it and keeping it on your private property. And so on the facts of that case, yes, Clement did reverse the tow in that case. But, again, here what we are talking is about notice and whether notice was reasonably calculated to apprise Mr. Grimm of the tow in this case. And, again, over the course of a year – I'm sorry, of a week, he received electronic notice that his parking was expiring, two citations for displaying expired registration tags, four citations for unlawful parking, a warning placard. And, again, Officer Earle testified that he placed the warning placard. He testified that he circled the word tow on that warning placard. And then a tow placard on the day that the tow happened. And under the totality of the circumstances, the district court properly concluded that the city had satisfied whatever due process requirements applied to this case. And for that reason, unless this court has any other questions, I would ask this court to affirm the judgment. Well, I've got a couple of questions very quickly. So Mullane requires that notice be given that is reasonably calculated to provide notice, right? That's what it requires. That's correct, Your Honor. Now, whether or not it was reasonably calculated to give notice, that's a question of fact. Is that not true? I would say it's a mixed question of fact and law because Mullane itself talks about the fact that in the case of tangible property, posting that. I'll grant you that. And that is a finding that is normally made by the trial court? That's correct, Your Honor. And so the court in this case concluded that the notice was adequate and rejected that claim, that argument on the merits in this case. And so for that reason, this court should affirm. But what I understand to be central to this case is the contention that under Duesenberry and Jones, if I have the right case, there's been a clarification of Mullane that says and it isn't reasonably calculated to give notice when due if you have reason to believe that they're not getting the notice and you haven't explored alternatives. So I would say that Duesenberry doesn't quite hold that because, again Oh, and I'm sorry, Your Honor. I see that I've run out of time. Can I answer your question? All right. Would you answer the question? Yes. So this is where, again, the Matthews v. Aldridge balancing comes in because what Mullane states is that Well, Duesenberry does say that as to the question of whether notice is adequate, we're going to look at Mullane. Exactly. But what I'm trying to say is that that test kicks in, again, in any proceeding which is to be a courted finality. And in that case, in Duesenberry, which dealt with the final forfeiture of evidence that had been seized from a defendant in prison You don't think taking somebody's car away even is a final act? So that is not what this court has said in its prior case law, especially So in Clement, for example, this court discusses that, yes, there are significant interests at stake, but it is not a final deprivation. And so that's really where that Matthews v. Aldridge balancing comes in. Because, again, at heart, Mr. Grimm's argument in this case is that the court This court erred in analyzing notice in towing cases under Matthews v. Aldridge. But, really, that's where it comes in. Clement said it's not final? I'm sorry, Your Honor? Clement said that this isn't a final act. I don't believe that's what Clement said. No, it didn't say it. But Clement talked about the fact that, yes, towing a car is significant. It does deprive a person of the use of that car for some time. But the court also reckoned And, moreover, it then leads to all these costs, which for people, poor people, which of which Mr. Griffith is apparently not one, can really completely turn their life around. It's not a joke. I understand, Your Honor. And I do agree with that. But, again, the district court properly concluded that adequate notice was given in this case. And, for that reason, this court should affirm the judgment of the district court. Thank you. Thank you, counsel. I'd just like to respond quickly to the finality point. I think the Chinyi 2 case is a perfect example of how this court does not require maybe a final deprivation. That was a temporary suspension of a pilot's license. And, secondly, the city still hasn't responded to Jones. They haven't briefed Jones. They keep saying Mullane doesn't require something or Duesenberg doesn't. But Jones is the most responsive. The most recent case in the series of cases dating back to Mullane, and in both Taylor v. Yee and Chinyi 2, this court calls it the Mullane-Jones standard. So a big issue between the parties is that the city of Portland is just not accounting for the Jones bright line obligation, which is dispositive of why each and every one of their posted notices after the first one was not noticed under the Mullane-Jones standard. Did the district court address those cases? No, Your Honor. The district court simply said that this was Matthews. They picked some tow case where people were on vacation, not using their car, and there was no app, and then dismissed the tow car company at 12 p.m. Well, he relied principally on an unpublished opinion of this court, Sackman. Yes, Your Honor. But in Sackman, the relief sought was It doesn't matter because there was an unpublished opinion of this court. It's not his presidential opinion. I'd also like to point out that the district court didn't consider any of the technology in play here, didn't so much as mention parking kitty, and simply said that there may come a day when providing notice by some other means might be, quote, so ridiculously easy that it would be required. And frankly, a ridiculously easy standard is not a standard. The standard is the Mullane-Jones standard, and we needed discovery into the technology in play here to see what was actually practicable for Portland to have done. And Mr. Grimm sought additional discovery, and now the city is complaining that they haven't had discovery, which they fought. Counsel, if we were to accept your argument and conclude there should be a remand here, what would be the instructions? If you could write our opinion that you would have us give the district court. It would be to consider the facts under the Mullane-Jones standard, and to consider the implications of the government's parking kitty app. Okay, thank you. If your honors don't have anything else, I'll spare the court the time. Thank you very much for your time and consideration. Thank you. We want to thank both counsel for their excellent arguments. The Grimm case shall be submitted.
judges: Gould, Berzon, Benitez